IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN LEE, ) | |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | Case No. 1:20-cv-7254 |
| v. ) | |
| ) | Judge John J. Tharp, Jr. |
| THE RABY INSTITUTE FOR ) | |
| INTEGRATIVE MEDICINE, ) | Magistrate Judge Heather K. McShain |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SECOND RENEWED MOTION FOR SANCTIONS AND
SECOND REQUEST TO SUPPLEMENT THE PENDING REPORT AND
RECOMMENDATIONS WITH RESPECT TO THE MOTION FOR SANCTIONS**

COMES NOW The Raby Institute for Integrative Medicine ("The Raby Institute"), and for its Second Renewed Motion for Sanctions and Second Request to Supplement the pending Report and Recommendations (ECF #232), states as follows:

1. Magistrate Judge McShain's Report and Recommendations (ECF #232), submitted on May 12, 2023 recommended that Plaintiff, Kathryn Lee, be sanctioned as a result of Plaintiff's efforts to coerce a settlement by threats of "criminal liability, civil claims, administrative investigations and/or ethical sanctions." Id. at PageID 3019.

2. On July 7, 2023, Defendant moved to supplement the Magistrate Judge's report as a result of a new threat and accusation from Ms. Lee, this one directed at Defendant's newly disclosed expert witness, John Ruhl. See Motion to Supplement Report and Recommendations (ECF #248) and Brief in Support (ECF #249).

3. On July 21, 2023, Plaintiff emailed Senator Richard Durbin, one of Illinois' U.S. Senators. This time, her email accused Defendant's counsel of conspiring to submit false testimony

in this proceeding which is a violation of 18 U.S.C. §1001. Because Plaintiff's goal continues to be a coerced settlement, counsel for the Institute was copied on her email.

4. An unrepentant Plaintiff continues the same behavior that resulted in Defendant's sanctions motion and the report and recommendations now pending before this Court.

WHEREFORE, Defendant respectfully requests that this Court refer today's Renewed Motion for Sanctions and Request to Supplement to Magistrate McShain with a request to consider whether her Report and Recommendations should be supplemented in light of Defendant's Second Renewed Motion for Sanctions.

Respectfully submitted:

O'Hagan Meyer PLLC

By: /s/ Evan A. Burkholder
       Evan A. Burkholder

**Attorneys for Defendant Raby Institute**


**DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND RENEWED MOTION FOR SANCTIONS AND SECOND REQUEST TO SUPPLEMENT THE PENDING REPORT AND RECOMMENDATIONS WITH PLAINTIFF'S SANCTIONABLE CONDUCT**

COMES NOW The Raby Institute for Integrative Medicine ("The Raby Institute"), and for its Brief in Support of its Second Renewed Motion for Sanctions and Request to Supplement the pending Report and Recommendations (ECF #232), states as follows:

2

## REPEATED HEALTH CARE BUREAU COMPLAINTS

Apparently frustrated by her so far unsuccessful efforts to mediate a settlement with the assistance of this Court's mediation services, Ms. Lee turned to one or more administrative agencies that provide mediation services in an effort to coerce a settlement. Her conduct resulted in a motion for sanctions and the submission of a Report and Recommendation, authored by Magistrate Judge Heather McShain, on May 12, 2023 (ECF #232). The Report and Recommendations summarized Ms. Lee's response:

> Plaintiff responds to defendant's motion [191] [192] stating that she was unaware of the rules of ethics that govern lawyers and parties and adding that she has been struggling to litigate her case *pro se* without legal training. [208] Plaintiff apologizes to the Court and states that she understands that she cannot attempt to coerce the defendant to settle and will cease her efforts to do so.

*Id*. at PageID 3017.

Ms. Lee is again using her email communications with these agencies to coerce a settlement and in the process continues the conduct for which she apologized – the conduct that led to Magistrate Judge McShain's Report and Recommendations. Below is the background leading up to her most recent defamatory accusation.

**First Complaint to Heath Care Bureau**

On October 21, 2022, Plaintiff filed a complaint with the "Attorney General of Illinois Health Care Division" (**Exhibit A**). In her email complaint, Ms. Lee accused Dr. Raby of refusing to treat her, misclassifying her as a 1099 contractor and committing COBRA violations. Amy Barry, the Senior Coordinator at the Health Care Bureau, contacted the Defendant's counsel on October 25, 2022, as a result of Plaintiff's first email complaint. In an email response the next day, Mr. Burkholder's thanked Ms. Barry for the telephone call and stated:

3

> Ms. Lee may not have explained to you during her lengthy telephone call that her various complaints have been addressed in administrative proceedings conducted by the Illinois Department of Employment Security or by the Illinois Department of Labor. She has also attempted to insert a variety of complaints in the case now pending in federal court.
>
> I understand that the Health Care Bureau provides voluntary mediation services in response to complaints. Many of Ms. Lee's complaints and accusations are already being addressed in a voluntary mediation proceeding conducted by a federal magistrate judge.

Email from Evan Burkholder to Amy Barry dated October 26, 2022 (**Exhibit B**).

### Second Complaint to Heath Care Bureau

Five weeks after Magistrate Judge McShain's Report and Recommendations, Plaintiff resumed the conduct which led to the report's sanctions recommendation: Ms. Lee again complained to Ms. Barry at the Health Care Bureau. Email from Kit Lee to Amy Barry dated June 23, 2023 (**Exhibit C**). In her second complaint, Plaintiff repeated her accusations against Dr. Raby and requested the Health Care Bureau to step in and mediate. Ms. Barry responded on June 23, 2023: "As I have said numerous times, our office provides INFORMAL mediation to consumers. Your issues are being/have been addressed through administrative or other formal legal processes. We will not respond to the issues and concerns that you bring to our attention regarding this matter." (**Exhibit C**).

### Third Complaint to Health Care Bureau

Just over three weeks later on July 15, 2023, Plaintiff filed a third complaint with the Health Care Bureau. This time, Plaintiff expanded her accusations. Instead of attacking Dr. Raby alone she now included The Raby Institute:

> Please let me know what if anything that the Illinois Attorney General can do with regard to **the misrepresentation by Dr. Raby and the Raby Institute** for Integrative Medicine, LLC's representative made to the Illinois Attorney General

4

> Health Care, as I have been injured by this misrepresentation and believe that it is part of a bigger conspiracy to deny me remedy and cover up wrongdoing . . . .

Email from Kit Lee to Amy Barry dated July 15, 2023 (**Exhibit D**). Two days later, Ms. Barry responded:

> The Health Care Bureau provides **INFORMAL** mediation services to consumers with billing or insurance coverage issues. We do **NOT** address issues involving quality of care nor does our bureau address employment issues, age discrimination or COBRA violations. Upon receipt of your complaint, I told you our bureau would **NOT** be unable to assist you and suggested you seek private legal advice. I continue to stand by that suggestion. I don't know what else to say or do at this point. **We do not represent private individuals in legal matters**. I'm sorry we can't be of further assistance.

Email from Amy Barry to Kit Lee dated July 17, 2023 (emphasis in original). See **Exhibit E**.

**Fourth Complaint to Health Care Bureau Supervisor – Senator Dick Durbin**

Four days later, on Friday, July 21, 2023, Ms. Lee changed directions and emailed both Mr. Burkholder and Senator Richard Durbin's office. Email from Kit Lee to Evan Burkholder and Senator Dick Durbin (**Exhibit F**). Instead of a single complaint against Dr. Raby for not treating Ms. Lee, Plaintiff accused Mr. Burkholder, the Raby Institute and Dr. Theri Raby of a "larger" conspiracy to submit false evidence and testimony in this federal court action:

> I believe that Senator Durbin also oversees the Illinois Attorney General Health Care Bureau in which you misrepresented that Health Care File Number 2022-H-37655 would be settled in 20-CV-7254 which is for Age Discrimination; Cobra Violations; Fraud and against The Raby Institute for Integrative Medicine only as representative of the Defendant in Health Care File Number 2022-H-37655. 2022-H-37655 is a complaint against Dr. Raby as my physician/employer.
>
> I also believe that Senator Durbin oversees the Illinois Department of Labor and IDES in which you also stated falsely in your October 26, 2022 letter to the Illinois Attorney General Health Care had addressed the 2022-H-37655 complaint, so no need for mediation.
>
> I have cc'd Senator Durbin's office on this correspondence and am requesting his help with the 2022-H-37655 case that **[Mr. Burkholder] misrepresented to the Illinois Attorney General Health Care Bureau, I believe, to deny me remedy**

5

> **as part of a larger Conspiracy to cover up wrongdoing, as the recent BCBS of IL documents that I had to Subpoena myself and the recent 3 Raby Employee Depositions show that your client has been submitting false evidence and false testimony at** IDES 5556854, IDOL wage claim 19-001491, **20-CV-7254** and 2022-H-37655 . . . .

*Id.* (Emphasis added).

## DISCUSSION

In yet another effort to coerce a settlement, Ms. Lee now accuses Evan Burkholder, Raby Institute's defense counsel, of conspiring to cover up wrongdoing by submitting false testimony in this case. According to Ms. Lee, the "larger Conspiracy" began with Mr. Burkholder's October 26, 2022 letter and the statement that "Many of Ms. Lee's complaints and accusations are already being addressed in a voluntary mediation proceeding conducted by a federal magistrate judge." (**Exhibit B**). This "larger conspiracy" lead to Ms. Lee's request for Senator Durbin to intervene.

When Plaintiff makes a point of copying the Institute's counsel on all her "conspiratorial" communications, the inevitable conclusion is that, once again, Ms. Lee is ignoring the admonitions of the Court and trying to coerce a settlement by reporting false accusations to an agency that only specializes in mediations. This time around she has upped the ante by accusing the Institute's trial counsel of conspiring to violate a criminal statute, 18 U.S.C. § 1001. And of course, it makes no difference to Ms. Lee that her baseless accusations amount to defamation *per se*. *See generally Tirio v. Dalton* 144 N.E.2d 1261, 1273 (Ill. App. 2019) (defamatory *per se* statements includes words imputing a criminal offense or lack of integrity in one's profession).

## CONCLUSION

The Raby Institute has a substantial defense on the merits with respect to the three remaining claims. Defendant completed fact discovery and timely identified its expert witnesses. It offered Ms. Lee dates to depose both experts. Ms. Lee refuses to depose the Institute's experts,

6

wants to reopen fact discovery, does not have any expert witnesses but wants time to think about retaining an expert and continues to ignore discovery cut-off dates. Because of Ms. Lee's conduct – behavior that would never be tolerated if committed by opposing counsel – the Defendant and its counsel respectfully suggest that Court intervention is required.

Respectfully submitted:

O'HAGAN MEYER PLLC

By: /s/ Evan A. Burkholder
      Evan A. Burkholder

**Attorneys for Defendant Raby Institute**

### PROOF OF SERVICE

I hereby certify that on July 25, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record and to the pro se Plaintiff.

/s/ Evan A. Burkholder